IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**JACKSON WOMEN'S HEALTH**                                                   **PLAINTIFFS**
**ORGANIZATION & SACHEEN CARR-
ELLIS,** *on behalf of themselves and their
patients*

**V.**                                                                 **CAUSE NO. 3:18-CV-171-CWR-FKB**

**MARY CURRIER,** *in her official capacity*                          **DEFENDANTS**
*as State Health Officer of the Mississippi
Department of Health*, **et al.**

## TEMPORARY RESTRAINING ORDER

The Supreme Court says every woman has a constitutional right to "personal privacy" regarding her body.[1] That right protects her choice "to have an abortion before viability."[2] States cannot "prohibit any woman from making the ultimate decision" to do so.[3]

Yesterday, upon Governor Phil Bryant's signature, H.B. 1510 became law in Mississippi.[4] H.B. 1510 places viability at 15 weeks – about two months earlier than where the medical consensus places it.[5]

Jackson Women's Health Organization consists of the only doctors who perform abortions in Mississippi. Those doctors – in reliance on the medical consensus about viability – perform abortions after the 15-week mark.[6] Yesterday, the Organization and its medical director filed this lawsuit asking this Court to strike down H.B. 1510 as unconstitutional; hours later, they filed the present motion seeking a temporary restraining order.

---

[1] *Roe v. Wade*, 410 U.S. 113, 152-53 (1973).
[2] *Planned Parenthood of Se. Pennsylvania v. Casey*, 505 U.S. 833, 846 (1992).
[3] *Gonzales v. Carhart*, 550 U.S. 124, 146 (2007) (quotation marks and citation omitted).
[4] Miss. Laws 2018, HB 1510 (eff. Mar. 19, 2018).
[5] *Id.*; *see MKB Mgmt. Corp. v. Stenehjem*, 795 F.3d 768, 773 (8th Cir. 2015) (reviewing undisputed evidence that viability was at 24 weeks); *Edwards v. Beck*, 786 F.3d 1113, 1116 (8th Cir. 2015) (same).
[6] Complaint at 5.

This Court can grant that "extraordinary remedy" only if the plaintiffs have clearly demonstrated:

> (1) a substantial likelihood of success on the merits; (2) a substantial threat that [they] will suffer irreparable injury if the temporary restraining order is denied; (3) that the threatened injury outweighs any damage that the temporary restraining order might cause the [State]; and (4) that the temporary restraining order will not disserve the public interest.[7]

After considering the arguments and evidence at an emergency hearing this morning, this Court is satisfied that this high standard has been met. The plaintiffs are substantially likely to succeed on their claim that H.B. 1510 is unconstitutional.[8] The law threatens immediate, irreparable harm to Mississippians' abilities to control their "destiny and . . . body."[9] This is especially true for one woman scheduled to have a 15-week abortion this afternoon. A brief delay in enforcing a law of dubious constitutionality does not outweigh that harm, and in fact serves the public's interest in preserving the freedom guaranteed by the United States Constitution.

The plaintiffs' request for a temporary restraining order is GRANTED. The defendants; their officers, agents, servants, employees, and attorneys; and all other persons who are in active concert or participation with them; shall not enforce H.B. 1510 for 10 days.[10] The Court will take expedited briefing on whether it should issue a preliminary injunction and whether that relief should be consolidated with a trial on the merits.[11]

**SO ORDERED**, this the 20th day of March, 2018.

s/ Carlton W. Reeves<br>
UNITED STATES DISTRICT JUDGE

---

[7] *Whole Woman's Health v. Paxton*, 264 F. Supp. 3d 813, 818 (W.D. Tex. 2017) (citations omitted).

[8] *See Gonzales*, 550 U.S. at 146; *Whole Woman's Health v. Hellerstedt*, 136 S. Ct. 2292, 2320 (2016) ("we now use 'viability' as the relevant point at which a State may begin limiting women's access to abortion for reasons unrelated to maternal health").

[9] *Casey*, 505 U.S. at 869.

[10] Fed. R. Civ. P. 65(d)(2).

[11] *Id.* at 65(a)(2).