

No. 3:18-CV-00171-CWR-FKB

JACKSON WOMEN'S HEALTH ORGANIZATION,
*On Behalf of Itself and its Patients, et al.*

*Plaintiffs*,

v.

MARY CURRIER,
*State Health Officer*,
*Mississippi Department of Health, et al.*

*Defendants*.

ORDER ON DISCOVERY

Before CARLTON W. REEVES, *District Judge*.

This lawsuit challenges many of Mississippi's abortion laws. Last month, the Court split the suit into two phases.[1] The first deals with the challenge to H.B. 1510, Mississippi's 15-week abortion ban, while the second will deal with all other challenges.

Plaintiffs have moved to limit discovery (the process of uncovering evidence) in the lawsuit's first phase. Plaintiffs say that the litigants should only seek evidence about whether viability occurs before or after 15 weeks.[2] Viability, according to the Supreme Court, is the time when "there is a reasonable likelihood of the fetus' sustained survival outside the womb, with or without artificial support."[3]

In the Fifth Circuit, "the scope of discovery . . . is limited only by relevance and burdensomeness[.]"[4] The Federal Rules of Evidence say that evidence is "relevant" if it alters the likelihood a fact is true, and that fact is "of consequence in determining the action."[5] The question, then, is what evidence is of consequence in deciding whether H.B. 1510 is lawful.

The answer lies within the Constitution, which gives every woman a constitutional right to "personal privacy" over her body.[6] The Supreme Court says that right protects each woman's choice "to have an abortion before viability."[7] "Before viability," a government cannot "support a prohibition of abortion or the imposition of a substantial obstacle to the woman's effective right to elect the procedure."[8] "[A]fter fetal viability," however, the government has the "power to restrict abortions."[9] As the Fifth Circuit has said, the "basic right to choose an abortion" that this viability framework protects is "settled constitutional law."[10]

H.B. 1510 is effectively a ban on all elective abortions after 15 weeks.[11] Given the Supreme Court's viability framework, that ban's lawfulness hinges on a single question: whether the 15-week mark is before or after viability. As the Eighth Circuit has said, when "viability presents the central issue in [a] case," an "order limiting discovery to the issue of viability" is

2

permissible.[12] Evidence about any other issue – like whether Mississippi has any interests that could outweigh a woman's right to control her body and destiny – is irrelevant.

The Court will conclude with the obvious: Defendants' request for expanded discovery is not about defending H.B. 1510 within the viability framework. The evidence Defendants seek, about things like pre-viability "fetal pain,"[13] aims to persuade courts to reject the framework itself.[14] If the Supreme Court feels open to such persuasion, it will indicate as much. To date, it has not done so, and has instead spent decades affirming the viability framework.[15] This Court must remain within that framework, and limit discovery accordingly.

Plaintiffs' motion to limit discovery is GRANTED. Their proposed discovery schedule, as it applies to this lawsuit's first phase, is ADOPTED.

SO ORDERED, this the 15th day of May, 2018.

s/ CARLTON W. REEVES<br>
*United States District Judge*

---

[1] *Order Separating Claims & Extending TRO*, Docket No. 25.

[2] *Motion to Adopt Plaintiffs' Proposed Schedule and Limit Discovery*, Docket No. 16; *see also Reply in Support of Motion to Adopt Plaintiffs' Proposed Schedule and Limit Discovery*, Docket No. 38.

[3] *Colautti v. Franklin*, 439 U.S. 379, 388 (1979).

[4] *Trevino v. Celanese Corp.*, 701 F.2d 397, 406 (5th Cir. 1983); *see also Duty to Disclose; General Provisions Governing Discovery*, Fed. R. Civ. P. 26.

[5] *Test for Relevant Evidence*, Fed. R. Evid. 401.

[6] *Roe v. Wade*, 410 U.S. 113, 152-53 (1973).

[7] *Planned Parenthood of Se. Pennsylvania v. Casey*, 505 U.S. 833, 846 (1992).

[8] *Id.*

[9] *Id.*

[10] *Jackson Women's Health Org. v. Currier*, 760 F.3d 448, 453 (5th Cir. 2014).

[11] H.B. 1510 includes, as all abortion restrictions must, an exception for abortions stemming from medical emergencies. *See Stenberg v. Carhart*, 530 U.S. 914, 921 (2000). It also permits abortions to remove matter that is "incompatible with life outside the womb."

[12] *MKB Mgmt. Corp. v. Stenehjem*, 795 F.3d 768, 773 n. 4 (8th Cir. 2015); *accord Isaacson v. Horne,* 716 F.3d 1213, 1229 (9th Cir. 2013).

[13] *See Memorandum in Support of Response in Opposition to Plaintiffs' Motion to Limit Discovery*, Docket No. 34; *see also* H.B. 1510(2)(b) (listing legislative findings regarding fetal development, medical practice, and maternal health in the pre-viability period).

[14] *See* Jessie Hellman, *Anti-Abortion Lawmakers Lay Groundwork for* Roe *Challenge*, The Hill, [Mar. 28, 2018](); Marie Solis, *Republicans Test* Roe v. Wade *in Mississippi with Country's Strictest Abortion Ban*, Newsweek, [Mar. 9, 2018](); *Mississippi on Brink of Approving Measure to Ban Most Abortions After 15 Weeks*, Associated Press, [Mar. 8, 2018]().

[15] *See Currier*, 760 F.3d at 453 (collecting cases).