

No. 3:18-CV-00171-CWR-FKB

JACKSON WOMEN'S HEALTH ORGANIZATION,
*On Behalf of Itself and its Patients, et al.*

*Plaintiffs*,

v.

MARY CURRIER,
*State Health Officer*,
*Mississippi Department of Health, et al.*

*Defendants*.

_____

ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION

_____

Before CARLTON W. REEVES, *District Judge*.

Last month, the Court entered an Order splitting this case into two phases; the first deals with Plaintiff's challenge to Mississippi's 15-week abortion ban, while the second deals with the challenges to Mississippi's other abortion laws.[1] That bifurcation rested on Federal Rule of Civil Procedure 42, which

grants district courts the power to "order a separate trial of one or more separate issues [or] claims" for "convenience, to avoid prejudice, or to expedite and economize."

Defendants responded to the Order by filing a motion that includes five arguments to reconsider bifurcation.[2] The first is that "the Order does not explain" why the case was bifurcated.[3] As explained to Defendants on a conference call before issuing the Order, there are good reasons to bifurcate this case. The distinct factual and legal nature of Plaintiffs' challenges to Mississippi's various abortion laws makes a two-track adjudication convenient, and will expedite and economize this litigation as a whole.

Defendants' second argument is that bifurcation will not encourage convenience, avoid prejudice, or expedite and economize, and is therefore not authorized by Rule 42.[4] This is unpersuasive. This case is one that, taken as a whole, involves a great deal of factual and legal arguments. Resolving them will require great expenditure of time and resources. Bifurcating the case will allow a speedy resolution to a challenge that poses a narrower set of issues, issues that – left unresolved – will create uncertainty that may harm those who seek medical services at the only abortion provider in Mississippi. Bifurcation serves the needs of convenience, expeditiousness, and judicial economy.

Defendants' third argument is that bifurcation is "premature" because (1) Defendants have yet to answer the Amended Complaint and (2) the Court has not yet ruled on Plaintiff's motion to limit discovery regarding its challenge to Missis-

sippi's 15-week abortion ban.[5] This argument is moot, as Defendants have now answered the Complaint and the Court has ruled on the discovery motion.

Defendant's fourth argument is that "the Order does not take into account that these Defendants have made clear they intend to assert as one of their common defenses to the laws challenged by the Plaintiffs the State's strong and legitimate interest in the protection of unborn life."[6] Defendants cite no legal authority that says a court cannot bifurcate a case if it involves a state's interest in the "protection of unborn life."

Defendants' final argument, made implicit in its filings, is that a court cannot split a case on its own motion. However, the Fifth Circuit says "[a] district court may sever a case upon its own motion."[7]

In sum, Defendants have shown no error in the division of this case. Their motion for reconsideration is DENIED.

SO ORDERED, this the 15th day of May, 2018.

s/ CARLTON W. REEVES
*United States District Judge*

---

[1] *Order Separating Claims & Extending TRO*, Docket No. 25.

[2] *Motion for Reconsideration*, Docket No. 26.

[3] *Memo in Support of Motion for Reconsideration*, Docket No. 27 at 2.

[4] *Id.* at 5-6.

[5] *Id.* at 3 (citing *Motion to Adopt Plaintiffs' Proposed Schedule and Limit Discovery*, Docket No. 16).

[6] *Id.* at 3-5.

[7] *F.D.I.C. v. Selaiden Builders, Inc.*, 973 F.2d 1249, 1253 (5th Cir. 1992).