**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

| | |
|---|---|
| JACKSON WOMEN'S HEALTH ORGANIZATION, on behalf of itself and its patients,<br><br>SACHEEN CARR-ELLIS, on behalf of herself and her patients,<br><br>          Plaintiffs,<br><br>v.<br><br>MARY CURRIER, M.D., M.P.H., in her official capacity as State Health Officer of the Mississippi Department of Health, et al.,<br><br>          Defendants. | Case No. 3:18-cv-00171-CWR-FKB |

## PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF INTERROGATORIES TO PLAINTIFFS (PHASE I)

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiffs in the above-captioned matter, by and through their undersigned counsel, hereby object and respond to Defendants' First Set of Interrogatories to Plaintiffs (Phase I), dated June 29, 2018.

## GENERAL OBJECTIONS TO INTERROGATORIES

Plaintiffs make the following general objections ("General Objections"), which are expressly incorporated into each of the Specific Objections to the Interrogatories below as though set forth in full and without waiving these General Objections:

1.      Plaintiffs object to the Interrogatories to the extent that they seek to impose a burden or obligation beyond those required or permitted by the Federal Rules of Civil Procedure, the Local Rules of this Court, other applicable law, or any orders of the Court, including but not

1

EXHIBIT 5

limited to seeking to shorten the time to respond under the Federal Rules absent an order from

the Court, including the Court's Order Granting Motion to Limit Discovery & Adopt Discovery

Schedule, which has limited the scope of discovery in phase I of this case to "a single question:

whether the 15-week mark is before or after viability." ECF No. 41.

2.      Plaintiffs object to the Interrogatories to the extent they are overly broad, unduly

burdensome, or seek information that is neither relevant to the claims or defenses asserted by the

parties in this litigation nor are proportional to the needs of the case, or are otherwise outside the

scope of discovery permitted by the Federal Rules of Civil Procedure.

3.      Plaintiffs object to the Interrogatories to the extent that responding to them would

cause annoyance, harassment, embarrassment, oppression, and/or undue burden, delay, or

expense.

4.      Plaintiffs object to the Interrogatories to the extent that they seek information that

can be obtained from some other source that is more convenient, less burdensome, or less

expensive, or that is unreasonably cumulative or duplicative.

5.      Plaintiffs object to the Interrogatories to the extent they seek information already

available to the Defendants.

6.      Plaintiffs expressly reserve the right to supplement or amend these responses if

and when any additional information is ascertained. These responses are made by Plaintiffs

subject to and without waiving Plaintiffs' right to introduce, use, or refer to information that

Plaintiffs presently have, but that Plaintiffs have not yet had sufficient time to analyze and

evaluate, as well as Plaintiffs' right to supplement.

7.      These responses are made without in any way waiving or intending to waive: (i)

any objections as to the competency, relevancy, materiality, privilege, or admissibility as

EXHIBIT 5

evidence, for any purpose, of any information provided in response to the Interrogatories or the subject matter thereof; and (ii) the right to object on any ground to the use of the information provided in response to the Interrogatories or the subject matter thereof at any trial, hearing, or other stage of the proceedings.

## SPECIFIC OBJECTIONS TO INTERROGATORIES

**INTERROGATORY NO. 1:**

Please identify by name, address and telephone number (both business and personal) any and all persons who, according to the best of your knowledge, information and belief, may have discoverable knowledge concerning Plaintiffs' claim in the Amended Complaint that the Fifteen Week Law is unconstitutional, including persons with discoverable knowledge concerning Plaintiffs' standing to challenge the constitutionality of the Fifteen Week Law.

**RESPONSE TO INTERROGATORY NO. 1:**

Plaintiffs object to this Interrogatory on the grounds that the phrase "discoverable knowledge" is overbroad, vague, and ambiguous, and it would be unduly burdensome to require Plaintiffs to identify "any and all persons" who "may have" "discoverable knowledge." Plaintiffs further object to providing the personal telephone number and address of "any and all persons" on the grounds that the prejudice of such disclosure outweighs any probative value.

Subject to, and without waiving, the foregoing General Objections and Specific Objections, Plaintiffs respond that the requested information has been provided in Plaintiffs' initial, supplemental, and expert disclosures. Personnel at the Mississippi State Department of Health, including inspectors and those who review Induced Termination of Pregnancy Reports (ITOPs) and/or data based on the ITOPs also have responsive information, including knowledge about Plaintiffs' standing.

**INTERROGATORY NO. 2:**

Please identify by name, address and telephone number (both business and personal) each and every person whom you may call as a witness at the trial of this action or the preliminary injunction hearing scheduled to begin on September 24, 2018, and describe in detail the facts to which they are expected to testify.

**RESPONSE TO INTERROGATORY NO. 2:**

Plaintiffs object to this Interrogatory on the grounds that it is premature under Federal Rule of Civil Procedure 26(a)(3)(B).

Subject to, and without waiving, the foregoing General Objections and Specific Objections, Plaintiffs respond that the requested information has been provided in Plaintiffs' initial, supplemental, and expert disclosures, and that they will supplement their disclosures and these responses if additional witnesses are identified or as otherwise required by the Federal Rules and the Court's orders.

**INTERROGATORY NO. 3:**

Please identify by name, address and telephone number each and every expert witness that you may call to testify at any trial of this action, and, as to each, please state:

(a) The expert witness's name, occupation, residence and business address;

(b) The subject matter about which the expert is expected to testify;

(c) The substance of facts and opinions about which the expert is expected to testify; and

(d) A summary of the grounds for each opinion.

**RESPONSE TO INTERROGATORY NO. 3:**

Subject to, and without waiving, the foregoing General Objections, Plaintiffs respond that the requested information can be found in the expert disclosures of Sacheen Carr-Ellis, M.D.,

EXHIBIT 5

M.P.H., and Martina Badell, M.D. Plaintiffs further respond that they will supplement their

disclosures as required by the Federal Rules and the Court's orders.

## INTERROGATORY NO. 4:

Please identify each document, item, or thing that you may offer as an exhibit at the trial

of this action or the preliminary injunction hearing scheduled to commence on September 24,

2018.

## RESPONSE TO INTERROGATORY NO. 4:

Plaintiffs object to this Interrogatory on the grounds that it is premature under Federal

Rule of Civil Procedure 26(a)(3)(B).

Subject to, and without waiving, the foregoing General Objections and Specific

Objections, Plaintiffs respond that their investigation continues.

## INTERROGATORY NO. 5:

Please identify each person who has participated in your preparation of your answers to

these interrogatories, and, in that regard, please identify and describe each document or thing to

which you make reference in your answers to these interrogatories with sufficient specificity to

form the basis for an enforceable request for production under Fed. R. Civ. P. 34.

## RESPONSE TO INTERROGATORY NO. 5:

Plaintiffs object to this Interrogatory on the grounds that it contains multiple,

discrete subparts. Plaintiffs further object on the grounds that the word "participated" is vague,

overbroad, and ambiguous.

*Plaintiffs designate the response to this request confidential to the extent it includes*

*names of individuals not previously disclosed to Defendants in Plaintiffs' initial disclosures.*

<span style="color:red">REDACTED</span>

**INTERROGATORY NO. 6:**

Please describe in detail the process a woman goes through in obtaining a surgical abortion at Jackson Women's Health Organization ("JWHO"), from the initial contact through the procedure itself, and any follow-up.

**RESPONSE TO INTERROGATORY NO. 6:**

Plaintiffs object to this Interrogatory on the grounds that it is vague as to what constitutes "the process," and that it calls for a response more appropriate for inquiry in a deposition.

Subject to, and without waiving, the foregoing General Objections and Specific Objections, Plaintiffs respond that, in general, the following are the steps a patient goes through to obtain a surgical abortion at JWHO. Under Mississippi law, a patient must make two in-person trips to JWHO to obtain an abortion and must wait at least twenty-four hours between their first and second appointments.  Miss. Code Ann. § 41-41-33. At their first appointment, a patient receives counseling, including state-mandated counseling; their medical history is reviewed; they receive lab work and an ultrasound to determine the gestational age of their pregnancy; and they speak to the physician at JWHO that day. A patient who returns for their second appointment at least twenty-four hours later may then obtain a surgical abortion up to 16 weeks, 0 days LMP. At this second appointment, the patient has a counseling session with a nurse, has their vitals taken, and receives medication. Then a physician performs a dilation and curettage procedure, which is also called an aspiration procedure. This procedure is the same in the context of abortion and miscarriage. Following the procedure, the patient goes to recovery

EXHIBIT 5

and after an appropriate recovery time leaves JWHO. Patients are offered a follow-up visit either at JWHO or may have a follow-up visit with their own provider. If the patient schedules a follow-up visit at JWHO, that visit is scheduled approximately two weeks after the patient's abortion procedure.

**INTERROGATORY NO. 7:**

Please describe in detail how and when JWHO and/or its doctors calculate the gestational age of a fetus before performing an abortion procedure, including all policies, practices, and/or procedures employed in calculating gestational age. If such policies, practices, and/or procedures vary from doctor to doctor, or patient to patient, please specify and describe the difference(s) in detail.

**RESPONSE TO INTERROGATORY NO. 7:**

Plaintiffs object to this Interrogatory on the grounds that it is overbroad, and it would be unduly burdensome to require Plaintiffs to describe "all policies, practices, and/or procedures," and that it calls for a response more appropriate for inquiry in a deposition.

Subject to, and without waiving, the foregoing General Objections and Specific Objections, Plaintiffs respond: At a patient's first in-person, state-mandated counseling appointment, each patient receives an ultrasound to determine gestational age as measured from the first date of the last menstrual period. If the patient returns to JWHO for an abortion four or more weeks following this first appointment, the patient will receive another ultrasound to determine gestational age.

**INTERROGATORY NO. 8:**

Please describe in detail the method(s) used by JWHO and its doctors to perform abortions more than 14 weeks, 6 days from the first day of the last menstrual period of the

EXHIBIT 5

pregnant woman, including, without limitation, the name of the procedure, a detailed description of the procedure, all medications administered, and all medical devices, tools, and/or instruments used.

**RESPONSE TO INTERROGATORY NO. 8:**

Plaintiffs object to this Interrogatory on the grounds that the information sought is beyond the scope of the Court's Order Granting Motion to Limit Discovery & Adopt Discovery Schedule, which has limited the scope of discovery in phase I of this case to "a single question: whether the 15-week mark is before or after viability." ECF No. 41.

**INTERROGATORY NO. 9:**

For each year from 2010 until the date you respond to these Interrogatories, please identify all abortions performed at JWHO more than fifteen weeks, six days from the first day of the last menstrual period of the pregnant woman.

**RESPONSE TO INTERROGATORY NO. 9:**

Plaintiffs object to this Interrogatory on the grounds that it is unduly burdensome, because it seeks information that is already in the possession, custody, or control of Defendant Dr. Currier. JWHO is required under Miss. Code Ann. § 41-75-18 to, and does, make reports to the Mississippi Department of Health about its patients, including each abortion performed at JWHO after 15 weeks, 6 days as measured from the first day of the patient's last menstrual period. Plaintiffs further object to this Interrogatory on the grounds that it is vague as to how Defendants would like Plaintiffs to "identify" these abortions performed at JWHO. Plaintiffs further object to this Interrogatory on the grounds that the extended time period of more than eight years is overbroad, and it is unduly burdensome to the extent that "identifying" these abortions performed at JWHO could amount to reviewing hundreds of pages, and that the burden

EXHIBIT 5

and/or expense of responding over this period of time outweighs the benefit. Plaintiffs further object to this Interrogatory to the extent it purports to seek patients' confidential medical information, which would infringe Plaintiffs' patients' privacy rights.

Subject to, and without waiving, the foregoing General Objections and Specific Objections, Plaintiffs respond that 21 patients obtained abortions at JWHO after 15 weeks, 6 days LMP in 2017. Each of those patients obtained an abortion at 16 weeks, 0 days LMP.

**INTERROGATORY NO. 10:**

Please identify all facts and documents supporting the conclusion that fetuses of gestational age greater than 14 weeks, 6 days from the first day of the last menstrual period of the pregnant woman, cannot and do not sense or react to noxious stimuli, or otherwise experience pain.

**RESPONSE TO INTERROGATORY NO. 10:**

Plaintiffs object to this Interrogatory on the grounds that the information sought is beyond the scope of the Court's Order Granting Motion to Limit Discovery & Adopt Discovery Schedule, which has limited the scope of discovery in phase I of this case to "a single question: whether the 15-week mark is before or after viability," and which specifically excludes evidence "about things like pre-viability 'fetal pain'" as irrelevant to the resolution of any issue in phase I of this case. ECF No. 41. Plaintiffs further object to this Interrogatory on the grounds that it is vague and ambiguous as to which "conclusion" Defendants refer, including by whom or when it was made.

**INTERROGATORY NO. 11:**

Please identify all facts and documents supporting the conclusion that fetuses which have reached the age of viability cannot and do not sense or react to noxious stimuli, or otherwise

EXHIBIT 5

experience pain.

**RESPONSE TO INTERROGATORY NO. 11:**

Plaintiffs object to this Interrogatory on the grounds that the information sought is beyond the scope of the Court's Order Granting Motion to Limit Discovery & Adopt Discovery Schedule, which has limited the scope of discovery in phase I of this case to "a single question: whether the 15-week mark is before or after viability." ECF No. 41. Plaintiffs further object to this Interrogatory on the grounds that it is vague and ambiguous as to which "conclusion" Defendants refer, including by whom and when it was made.

**INTERROGATORY NO. 12:**

Please identify how many women have obtained abortions from JWHO more than 14 weeks, 6 days from the first day of the last menstrual period of the pregnant woman, for each year from 2010 until the date you respond to these Interrogatories.

**RESPONSE TO INTERROGATORY NO. 12:**

Plaintiffs object to this Interrogatory on the grounds that it is unduly burdensome, because it seeks information that is already in the possession, custody, or control of Defendant Dr. Currier. JWHO is required under Miss. Code Ann § 41-75-18 to, and does, make reports to the Mississippi Department of Health about its patients, including each abortion performed at JWHO after 14 weeks, 6 days as measured from the first day of the patient's last menstrual period. Plaintiffs further object to this Interrogatory on the grounds that the extended time period of more than eight years is overbroad, and that it is unduly burdensome to the extent that identifying the number of patients could amount to reviewing hundreds of pages, and that the burden and/or expense of responding over this period of time outweighs the benefit.

Subject to, and without waiving, the foregoing General Objections and Specific

EXHIBIT 5

Objections, Plaintiffs respond that 90 patients obtained abortions at JWHO after 14 weeks, 6

days LMP in 2017. In their complaint and motion for a temporary restraining order papers,

Plaintiffs stated that 78 patients had obtained abortions at JWHO after 14 weeks, 6 days.

Plaintiffs inadvertently undercounted in their initial count.

**INTERROGATORY NO. 13:**

For each year from 2010 until the date you respond to these Interrogatories, identify how

many abortions performed at JWHO more than 14 weeks, 6 days from the first day of the last

menstrual period of the pregnant woman, involved a "medical emergency" or "severe fetal

abnormality" as those terms are defined in the Fifteen Week Law. See H.B. 1510(3)(h) & (j).

**RESPONSE TO INTERROGATORY NO. 13:**

Plaintiffs object to this Interrogatory on the grounds that the information sought is

beyond the scope of the Court's Order Granting Motion to Limit Discovery & Adopt Discovery

Schedule, which has limited the scope of discovery in phase I of this case to "a single question:

whether the 15-week mark is before or after viability." ECF No. 41. Plaintiffs further object that

the extended time period of more than eight years is overbroad, and that it is unduly burdensome

to the extent that identifying the number of abortions could amount to reviewing hundreds of

pages, and that the burden and/or expense of responding over this period of time outweighs the

benefit.

**INTERROGATORY NO. 14:**

In ¶ 11 of Plaintiff Dr. Sacheen Carr-Ellis's declaration in support of Plaintiffs' motion

for temporary restraining order [Doc. 5-1], she states that "[w]omen seek abortion services for a

variety of medical, familial, economic, and personal reasons," including "serious health issues

that make it dangerous to carry a pregnancy to term" and "receiv[ing] a diagnosis of a fetal

EXHIBIT 5

anomaly." For each year from 2010 until the date you respond to these Interrogatories, identify

how many women who have obtained an abortion from JWHO more than 14 weeks, 6 days from

the first day of the last menstrual period of the pregnant woman, either faced "serious health

issues that ma[d]e it dangerous to carry [their] pregnancy to term" or had "received a diagnosis

of a fetal anomaly," and describe the circumstances of each such event in detail.

**RESPONSE TO INTERROGATORY NO. 14:**

Plaintiffs object to this Interrogatory on the grounds that the information sought is

beyond the scope of the Court's Order Granting Motion to Limit Discovery & Adopt Discovery

Schedule, which has limited the scope of discovery in phase I of this case to "a single question:

whether the 15-week mark is before or after viability." ECF No. 41. Plaintiffs further object to

this Interrogatory on the grounds that "faced" is vague and ambiguous. Plaintiffs further object to

this Interrogatory on the grounds that the extended time period of more than eight years is

overbroad, and that it is unduly burdensome to the extent that identifying the number of patients

could amount to reviewing hundreds of pages, and that the burden and/or expense of responding

over this period of time outweighs the benefit. Plaintiffs further object to this Interrogatory to the

extent it purports to seek patients' confidential medical information, which would infringe

Plaintiffs' patients' privacy rights.

**INTERROGATORY NO. 15:**

In ¶ 8 of Plaintiff Dr. Sacheen Carr-Ellis's declaration in support of Plaintiffs' motion for

temporary restraining order [Doc. 5-1], she stated that there was one patient "scheduled for an

abortion procedure on Tuesday, March 20[, 2018] at 2 pm" at JWHO who would have been past

"14 weeks 6 days lmp at the time of the procedure." Please describe in detail what occurred at

this patient's March 20, 2018 appointment at JWHO, including whether the procedure was

EXHIBIT 5

performed, the time of the appointment, the gestational age of the fetus, and the nature of the procedure.

**RESPONSE TO INTERROGATORY NO. 15:**

Plaintiffs object to this Interrogatory on the grounds that it seeks a patient's confidential medical information, which would infringe Plaintiffs' patient's privacy rights.

Subject to, and without waiving, the foregoing General Objections and Specific Objections, Plaintiffs respond: The patient to whom Dr. Carr-Ellis referred in her Declaration in Support of Plaintiffs' Motion for a Temporary Restraining Order had her state-mandated in-person counseling appointment at JWHO on March 13, 2018. The patient received an ultrasound, which determined the gestational age of their pregnancy was 14 weeks 3 days LMP. Mississippi law requires that a patient delay their abortion for at least 24 hours following the state-mandated counseling visit. Miss. Code Ann. § 41-41-33. The patient scheduled an appointment for her procedure on March 20, at 2 pm, by which time she would have been 15 weeks, 3 days LMP.

H.B. 1510 went into effect immediately upon Governor Bryant's signature on March 19, and Plaintiffs filed suit and sought a temporary restraining order shortly after. On March 20, JWHO staff called the patient to ask if she was still planning to make her appointment that day. The patient, who lived two hours from JWHO, reported that she was having trouble arranging a ride to JWHO that day. The patient ultimately did not return to JWHO for an abortion. The next available appointment for an abortion procedure at JWHO was March 28, by which time the patient would be beyond the point at which JWHO provides abortion care, which is 16 weeks 0 days LMP.

EXHIBIT 5

**INTERROGATORY NO. 16:**

In ¶ 12 of Plaintiff Dr. Sacheen Carr-Ellis's declaration in support of Plaintiffs' motion for temporary restraining order [Doc. 5-1], she contends that "[a]bortion is one of the safest medical procedures in the United States. Complication rates for abortion, including after 15 weeks, are similar to or lower than for other outpatient procedures." Please state all facts supporting this contention, identify all documents supporting this contention, and identify all persons with discoverable knowledge of any facts supporting this contention.

**RESPONSE TO INTERROGATORY NO. 16:**

Plaintiffs object to this Interrogatory on the grounds that the information sought is beyond the scope of the Court's Order Granting Motion to Limit Discovery & Adopt Discovery Schedule, which has limited the scope of discovery in phase I of this case to "a single question: whether the 15-week mark is before or after viability." ECF No. 41.

**INTERROGATORY NO. 17:**

In ¶ 141 of the Amended Complaint, Plaintiffs contend that "[in] a normally progressing pregnancy, viability typically does not occur until at least 23 weeks from a woman's last menstrual period." Please state all facts supporting this contention, identify all documents supporting this contention, and identify all persons with discoverable knowledge of any facts supporting this contention.

**RESPONSE TO INTERROGATORY NO. 17:**

Plaintiffs object to this Interrogatory on the grounds that it is compound and contains multiple, discrete subparts, and that it is unduly burdensome in its requests for "all documents," "all facts," and "all persons."

Subject to, and without waiving, the foregoing General Objections and Specific

Objections, Plaintiffs respond that the requested information can be found in Plaintiffs' initial, supplemental, and expert disclosures.

**INTERROGATORY NO. 18:**

In the Fifteen Week Law, the Mississippi Legislature found that "[a]t twelve (12) weeks' gestation, an unborn human being can open and close his or her fingers, starts to make sucking motions, and senses stimulation from the world outside the womb." H.B. 1510(2)(b)(i)(6). To the extent Plaintiffs dispute the Legislature's finding, please state all facts contradicting this finding, identify all documents contradicting this finding, and identify all persons with discoverable knowledge of any facts contradicting this finding.

**RESPONSE TO INTERROGATORY NO. 18:**

Plaintiffs object to this Interrogatory on the grounds that the information sought is beyond the scope of the Court's Order Granting Motion to Limit Discovery & Adopt Discovery Schedule, which has limited the scope of discovery in phase I of this case to "a single question: whether the 15-week mark is before or after viability." ECF No. 41. Plaintiffs further object to this Interrogatory on the grounds that it is compound and contains multiple, discrete subparts, and that it is unduly burdensome in its requests for "all documents," "all facts," and "all persons."

**INTERROGATORY NO. 19:**

In the Fifteen Week Law, the Mississippi Legislature found that the "majority of abortion procedures performed after fifteen (15) weeks' gestation are dilation and evacuation procedures which involve the use of surgical instruments to crush and tear the unborn child apart before removing the pieces of the dead child from the womb" and "that the intentional commitment of such acts for nontherapeutic or elective reasons is a barbaric practice, dangerous for the maternal

EXHIBIT 5

patient, and demeaning to the medical profession." H.B. 1510(2)(b)(i)(8). Please explain whether and under what circumstances Plaintiffs employ such a procedure, and to the extent Plaintiffs dispute the Legislature's findings, please state all facts contradicting these findings, identify all documents contradicting these findings, and identify all persons with discoverable knowledge of any facts contradicting these findings.

**RESPONSE TO INTERROGATORY NO. 19:**

Plaintiffs object to this Interrogatory on the grounds that the information sought is beyond the scope of the Court's Order Granting Motion to Limit Discovery & Adopt Discovery Schedule, which has limited the scope of discovery in phase I of this case to "a single question: whether the 15-week mark is before or after viability." ECF No. 41. Plaintiffs further object to this Interrogatory on the grounds that it is unduly burdensome, because it seeks information that is already in the possession, custody, or control of Defendant Dr. Currier. JWHO is required under Miss. Code Ann § 41-75-18 to, and does, make reports to the Mississippi Department of Health about its patients, including each abortion performed at JWHO. Plaintiffs further object to this Interrogatory on the grounds that it is compound and contains multiple, discrete subparts, and that it is unduly burdensome in its requests for "all documents," "all facts," and "all persons."

**INTERROGATORY NO. 20:**

In the Fifteen Week Law, the Mississippi Legislature found that "[a]bortion carries significant physical and psychological risks to the maternal patient, and these physical and psychological risks increase with gestational age" and that, "in abortions performed after eight (8) weeks' gestation, the relative physical and psychological risks escalate exponentially as gestational age increases." H.B. 1510(2)(b)(ii). To the extent Plaintiffs dispute the Legislature's

findings, please state all facts contradicting these findings, identify all documents contradicting

these findings, and identify all persons with discoverable knowledge of any facts contradicting

these findings.

**RESPONSE TO INTERROGATORY NO. 20:**

      Plaintiffs object to this Interrogatory on the grounds that the information sought is

beyond the scope of the Court's Order Granting Motion to Limit Discovery & Adopt Discovery

Schedule, which has limited the scope of discovery in phase I of this case to "a single question:

whether the 15-week mark is before or after viability." ECF No. 41. Plaintiffs further object to

this Interrogatory on the grounds that it is compound and contains multiple, discrete subparts,

and that it is unduly burdensome in its requests for "all documents," "all facts," and "all

persons."

**INTERROGATORY NO. 21:**

      In the Fifteen Week Law, the Mississippi Legislature found that "as the second trimester

progresses, in the vast majority of uncomplicated pregnancies, the maternal health risks of

undergoing an abortion are greater than the risks of carrying a pregnancy to term." H.B.

1510(2)(b)(iii). To the extent Plaintiffs dispute the Legislature's finding, please state all facts

contradicting this finding, identify all documents contradicting this finding, and identify all

persons with discoverable knowledge of any facts contradicting this finding.

**RESPONSE TO INTERROGATORY NO. 21:**

      Plaintiffs object to this Interrogatory on the grounds that the information sought is

beyond the scope of the Court's Order Granting Motion to Limit Discovery & Adopt Discovery

Schedule, which has limited the scope of discovery in phase I of this case to "a single question:

whether the 15-week mark is before or after viability." ECF No. 41. Plaintiffs further object to

this Interrogatory on the grounds that it is compound and contains multiple, discrete subparts, and that it is unduly burdensome in its requests for "all documents," "all facts," and "all persons."

**INTERROGATORY NO. 22:**

In the Fifteen Week Law, the Mississippi Legislature found that "[m]edical complications from dilation and evacuation abortions include, but are not limited to: pelvic infection; incomplete abortions (retained tissue); blood clots; heavy bleeding or hemorrhage; laceration, tear, or other injury to the cervix; puncture, laceration, tear, or other injury to the uterus; injury to the bowel or bladder; depression; anxiety; substance abuse; and other emotional or psychological problems." H.B. 1510(2)(b)(iv). To the extent Plaintiffs dispute the Legislature's finding, please state all facts contradicting this finding, identify all documents contradicting this finding, and identify all persons with discoverable knowledge of any facts contradicting this finding.

**RESPONSE TO INTERROGATORY NO. 22:**

Plaintiffs object to this Interrogatory on the grounds that the information sought is beyond the scope of the Court's Order Granting Motion to Limit Discovery & Adopt Discovery Schedule, which has limited the scope of discovery in phase I of this case to "a single question: whether the 15-week mark is before or after viability." ECF No. 41. Plaintiffs further object to this Interrogatory on the grounds that it is compound and contains multiple, discrete subparts, and that it is unduly burdensome in its requests for "all documents," "all facts," and "all persons."

**INTERROGATORY NO. 23:**

In the Fifteen Week Law, the Mississippi Legislature found that, "in abortions performed after fifteen (15) weeks' gestation, there is a higher risk of requiring a hysterectomy, other

reparative surgery, or blood transfusion." H.B. 1510(2)(b)(iv). To the extent Plaintiffs dispute the Legislature's finding, please state all facts contradicting this finding, identify all documents contradicting this finding, and identify all persons with discoverable knowledge of any facts contradicting this finding.

**RESPONSE TO INTERROGATORY NO. 23:**

Plaintiffs object to this Interrogatory on the grounds that the information sought is beyond the scope of the Court's Order Granting Motion to Limit Discovery & Adopt Discovery Schedule, which has limited the scope of discovery in phase I of this case to "a single question: whether the 15-week mark is before or after viability." ECF No. 41. Plaintiffs further object to this Interrogatory on the grounds that it is compound and it contains multiple, discrete subparts, and that it is unduly burdensome in its requests for "all documents," "all facts," and "all persons."

Dated: July 30, 2018

As to objections:

/s/ Hillary Schneller
Julie Rikelman,* NY Bar # 3011426
Christine Parker,* CA Bar # 315529
Hillary Schneller,* NY Bar # 5151154
Leah Wiederhorn,* NY Bar # 4502845
Center for Reproductive Rights
199 Water Street, 22nd Floor
New York, NY 10038
(917) 637-3777 (Phone)
(917) 637-3666 (Fax)
jrikelman@reprorights.org
cparker@reprorights.org
hschneller@reprorights.org
lwiederhorn@reprorights.org
*Pro Hac Vice

Robert B. McDuff, MS Bar # 2532
767 North Congress Street
Jackson, MS 39202
(601) 969-0802 (Phone)
(601) 969-0804 (Fax)
rbm@mcdufflaw.com

Beth L. Orlansky, MS Bar # 3938
Mississippi Center for Justice
P.O. Box 1023
Jackson, MS 39205
(601) 352-2269 (phone)
borlansky@mscenterforjustice.org

Roberto J. Gonzalez,* D.C. Bar # 501406
Paul, Weiss, Rifkind, Wharton &
Garrison, LLP
2001 K Street, NW
Washington, D.C. 20006
(202) 223-7316 (Phone)
(202) 204-7344 (Fax)
rgonzalez@paulweiss.com
*Pro Hac Vice

Claudia Hammerman,* NY Bar # 2574333
Aaron S. Delaney,* NY Bar # 4321642
Alexia D. Korberg,* NY Bar # 5094222
Crystal Johnson,* NY Bar # 5405204
Paul, Weiss, Rifkind, Wharton &
Garrison, LLP
1285 Avenue of the Americas
New York, NY 10019
(212) 373-3000 (Phone)
(212) 492-0364 (Fax)
chammerman@paulweiss.com
adelaney@paulweiss.com
akorberg@paulweiss.com
cjohnson@paulweiss.com
*Pro Hac Vice

ATTORNEYS FOR PLAINTIFFS

As to Jackson Women's Health Organization's answers:

Shannon Brewer, Director of Jackson Women's Health Organization

EXHIBIT 5

As to Sacheen Carr-Ellis's answers:

*Sacheen Carr-Ellis*
Sacheen Carr-Ellis, M.D., M.P.H.

EXHIBIT 5

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I served the foregoing Plaintiffs' Responses and Objections to

Defendants' First Set of Interrogatories to Plaintiffs (Phase I) by e-mail on counsel for

Defendants Mary Currier, M.D., M.P.H., in her official capacity as State Health officer of the

Mississippi Department of Health, and Kenneth  Cleveland, M.D., in his official capacity as

Executive Director of the Mississippi State Board of Medical Licensure:


Paul Barnes
Office of the Attorney General
550 High Street
Jackson, MS 39201
Ph: (601) 359-4072
Fax: (601) 359-2003
pbarn@ago.state.ms.us

Wilson Minor
Office of the Attorney General
550 High Street
Jackson MS 39201
Ph: (601) 359-6279
Fax: (601) 359-2003
wmino@ago.state.ms.us


Dated: July 30, 2018


/s/ Hillary Schneller

Counsel for Plaintiffs