

No. 3:18-cv-171-CWR-FKB

JACKSON WOMEN'S HEALTH ORGANIZATION,
*On behalf of itself and its patients, et al.*,

*Plaintiffs*,

v.

THOMAS E. DOBBS,
*In his official capacity as State Health Officer of the Mississippi Department of Health, et al.*,

*Defendants*.

———————

ORDER GRANTING PRELIMINARY INJUNCTION

———————

Before CARLTON W. REEVES, *District Judge*.

Here we go again. Mississippi has passed another law banning abortions prior to viability. The latest iteration, Senate

Bill 2116, bans abortions in Mississippi after a fetal heartbeat is detected, which is as early as 6 weeks lmp.[1]

The parties have been here before. Last spring, plaintiffs successfully challenged Mississippi's ban on abortion after 15 weeks lmp. The Court ruled that the law was unconstitutional and permanently enjoined its enforcement.[2] The State responded by passing an even more restrictive bill, S.B. 2116.

Plaintiffs now move to supplement their original complaint to challenge S.B. 2116 and to preliminary enjoin the bill's enforcement, prior to it taking effect on July 1, 2019. On May 21, the Court held oral argument on both motions.

## I. Supplemental Complaint

This suit has already been divided into two parts: Part I addressed the 15-week ban, and Part II, which is currently in discovery, involves challenges to five different abortion regulation schemes. Plaintiffs' proposed supplemental complaint would in effect add a Part III—a challenge to S.B. 2116 based on due process and equal protection claims.

Under Rule 15(d), "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."[3]

---

[1] The common measure of fetal gestational age is from the first day of the woman's last menstrual period ("lmp"). *See* Docket No. 101-2 at 2 n.1.

[2] *Jackson Women's Health Org. v. Currier*, 349 F. Supp. 3d 536 (S.D. Miss. 2018).

[3] Fed. R. Civ. P. 15(d).

"[T]here is the obvious and reasonable requirement that the supplementation have 'some relation' to what is sought to be supplemented."[4] When deciding whether to allow supplementation, the court should consider the totality of the circumstances, such as: "(1) undue delay, (2) bad faith or dilatory motive by the movant, (3) repeated failure to cure deficiencies by previous amendments, (4) undue prejudice to the opposing party, or (5) futility of amendment."[5]

The State concedes that none of these factors "weigh against allowing supplementation[.]"[6] Rather, the State argues that because the challenge to S.B. 2116 does not stem from the original complaint, plaintiffs are attempting to "shoehorn a separate and distinct constitutional challenge" into "their existing complaint[.]"[7]

There are several reasons to allow plaintiffs to supplement the complaint. First, as all parties acknowledge, none of the factors mentioned above (delay, bad faith, deficiencies, undue prejudice, or futility) counsel against supplementation.[8]

---

[4] *Alabama Women's Ctr. v. Miller*, 318 F.R.D. 143, 148 (M.D. Ala. 2016) (citing *Rowe v. U.S. Fid. & Guar. Co.*, 421 F.2d 937, 943 (4th Cir. 1970)); *see also Smith v. Hebert*, 533 F. App'x 479, 483 (5th Cir. 2013).

[5] *Chemetron Corp. v. Bus. Funds, Inc.*, 682 F.2d 1149, 1194 (5th Cir. 1982*), rev'd on other grounds*, 460 U.S. 1007 (1983); *see also U.S. ex rel. Gadbois v. PharMerica Corp.*, 809 F.3d 1, 7 (1st Cir. 2015).

[6] Docket No. 108 at 3 n.1.

[7] *Id*. at 4.

[8] At oral argument, the Court asked what prejudice the State would face if supplementation was allowed. The State did not articulate any sort of prejudice and expressed only that it "doesn't make any sense" to have the

3

Second, the proposed supplemental claims are related to the original suit. The supplemental claims involve the same parties as the original suit. The supplemental claims pose the same legal question as the original suit: does the law ban abortion prior to viability? And the supplemental claims involve a substantial overlap of facts relevant to the original suit.[9] Finally, the supplemental claims can be adjudicated simultaneously with the current suit because Part II still has a year left in discovery.

In a similar case challenging Alabama's abortion regulations, Judge Myron Thompson addressed a similar motion to supplement the complaint. He reasoned that "one of the primary goals of Rule 15(d) is to aid in the complete resolution of disputes between parties."[10] Because plaintiffs filed the original complaint to "prevent permanent closure of the [abortion] clinic," and their proposed supplemental complaint added a challenge to a regulation that would have also resulted in closure, supplementation allowed for complete resolution in a single civil action.[11]

This Court is in a very similar position to Judge Thompson. The State passed a new abortion ban while its present abortion ban is in active litigation. Supplementation will allow for

---

supplemental causes of action in a lawsuit that already includes two parts. Docket No. 117 at 20.

[9] Plaintiffs anticipate needing little additional discovery on the supplemental claims beyond what has already been disclosed through the course of the case. *Id*. at 7–8.

[10] *Miller*, 318 F.R.D. at 150 (citation omitted).

[11] *Id*.

a complete resolution of the dispute between JWHO and the State. To use the State's words, it would not "make sense" to force the plaintiffs to challenge this statute in a separate lawsuit.

The motion to supplement is granted. The supplemental claims against S.B. 2116 will proceed as Part III of this case. Part III will move forward on the same timeline as Part II.

## II. Preliminary Injunction

Plaintiffs have also moved for a preliminary injunction of S.B. 2116. They must clearly demonstrate:

> (1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied; (3) that the threatened injury outweighs any damage that the injunction might cause the defendant; and (4) that the injunction will not disserve the public interest.[12]

This Court previously found the 15-week ban to be an unconstitutional violation of substantive due process because the Supreme Court has repeatedly held that women have the right to choose an abortion prior to viability, and a fetus is not viable at 15 weeks lmp.[13] If a fetus is not viable at 15 weeks

---

[12] *Jackson Women's Health Org. v. Currier*, 760 F.3d 448, 452 (5th Cir. 2014) (quotation marks and citation omitted).

[13] *See Whole Woman's Health v. Hellerstedt*, 136 S. Ct. 2292, 2320 (2016) ("we now use 'viability' as the relevant point at which a State may begin limiting women's access to abortion for reasons unrelated to maternal health.").

5

lmp, it is not viable at 6 weeks lmp. The State conceded this point.[14] The State also conceded at oral argument that this Court must follow Supreme Court precedent.[15] Under Supreme Court precedent, plaintiffs are substantially likely to succeed on the merits of this claim.[16,17]

S.B. 2116 threatens immediate harm to women's rights, especially considering most women do not seek abortion services until after 6 weeks.[18] Allowing the law to take effect would force the clinic to stop providing most abortion care.[19] By

---

[14] *See* Docket No. 107 at 6 ("Defendants here necessarily concede that they have been unable to identify any medical research or data that show a fetus has reached the 'point of viability' during the 6-12 week LMP time period in which S.B. 2116 would operate.").

[15] *See* Docket No. 117 at 39.

[16] *See Hellerstedt*, 136 S. Ct. at 2320; *Gonzales v. Carhart,* 550 U.S. 124, 146 (2007); *Planned Parenthood of Se. Pennsylvania v. Casey*, 505 U.S. 833, 837 (1992) ("regardless of whether exceptions are made for particular circumstances, a State may not prohibit any woman from making the ultimate decision to terminate her pregnancy before viability."); *see also Beck v. Edwards,* 136 S. Ct. 895 (2016*)* (denying certiorari on Eighth Circuit's ruling that Arkansas' 12-week abortion ban was unconstitutional); *Stenehjem v. MKB Mgmt. Corp.*, 136 S. Ct. 981 (2016) (denying certiorari on Eighth Circuit's ruling that North Dakota's fetal heartbeat bill was unconstitutional); *EMW Women's Surgical Ctr., P.S.C. v. Beshear*, No. 3:19-CV-178-DJH, 2019 WL 1233575, at *1 (W.D. Ky. Mar. 15, 2019) (district court temporarily enjoining similar heartbeat bill).

[17] Substantive due process precedent requires enjoining S.B. 2116. The Court does not reach plaintiffs' equal protection claim at this time.

[18] *See* Docket No. 101-2 at 3.

[19] *See id*. at 4.

banning abortions after the detection of a fetal heartbeat, S.B. 2116 prevents a woman's free choice, which is central to personal dignity and autonomy.[20] This injury outweighs any interest the State might have in banning abortions after the detection of a fetal heartbeat.[21] Any delay in the enforcement of S.B. 2116 will serve the public interest by protecting this established right and the rule of law.[22]

Finally, the Legislature's passage of S.B. 2116 during the pendency of this litigation compels the Court to make the following observation. If there is no medical evidence to prove that a fetus is viable at 15 weeks lmp or at 6 weeks lmp, then a fetus is not viable between 0 and 5 weeks lmp.

### III. Conclusion

The plaintiffs' request for a preliminary injunction is GRANTED. The defendants; their officers, agents, employees, and attorneys; and all other persons who are in active concert or participation with them; shall not enforce S.B. 2116.[23]

---

[20] *See Casey*, 505 U.S. at 851 ("These matters, involving the most intimate and personal choices a person may make in a lifetime, choices central to personal dignity and autonomy, are central to the liberty protected by the Fourteenth Amendment.").

[21] *See id.* at 860 ("viability marks the earliest point at which the State's interest in fetal life is constitutionally adequate to justify a legislative ban on nontherapeutic abortions.").

[22] *Currier*, 760 F.3d at 458 n.9.

[23] Fed. R. Civ. P. 65(d).

SO ORDERED, this the 24th day of May, 2019.

s/ CARLTON W. REEVES
*United States District Judge*

SO ORDERED, this the 24th day of May, 2019.

s/ CARLTON W. REEVES
*United States District Judge*