IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JACKSON WOMEN'S HEALTH ORGANIZATION, et al.                      PLAINTIFFS

V.                                         CIVIL ACTION NO. 3:18-CV-171-CWR-FKB

THOMAS E. DOBBS, M.D., M.P.H.,
in his official capacity as State
Health Officer of the Mississippi
Department of Health, et al.                                      DEFENDANTS

## MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION TO RECONSIDER, IN PART, ORDER ON EXCESS PAGE LIMIT

The State Defendants, Thomas E. Dobbs, M.D., M.P.H., in his official capacity as State Health Officer of the Mississippi Department of Health, and Kenneth Cleveland, M.D., in his official capacity as Executive Director of the Mississippi State Board of Medical Licensure, submit this memorandum in support of their unopposed[1] motion to reconsider a portion of the order entered by the Court on May 6, 2021 [Doc. 239] ("the May 6 Order"), granting in part and denying in part the State Defendants' Unopposed Motion to Exceed Page Limit [Doc. 234]. In support thereof, Defendants would respectfully show as follows:

On April 29, the deadline fixed by the Court for dispositive and *Daubert* motions in the Case Management Order [Doc. 91 (as amended by text-only order Nov. 13, 2020)], Defendants filed a Motion to Dismiss, or in the alternative, for

---

[1] Counsel for the State Defendants has consulted with counsel for the Plaintiffs, who advised that Plaintiffs do not oppose the requested relief. However, Plaintiffs have not agreed to or adopted the content of this memorandum, which is filed solely on behalf of the State Defendants.

Partial Summary Judgment [Doc. 235] and a Motion to Exclude Certain Opinions and Testimony of Plaintiffs' Expert Witnesses [Doc. 237]. Defendants also filed a memorandum in support of exch motion. [Doc. 236, 238]. Contemporaneously therewith, Defendants filed their Unopposed Motion to Exceed Page Limit ("the Unopposed Motion"). [Doc. 234].

In the Unopposed Motion, Defendants requested a total of seventy (70) pages for their opening and reply briefs in support of their dispositive motion, and the same limits for briefing Defendants' *Daubert* motion. Defendants further requested that Plaintiffs be permitted the same page limits for their responsive briefs. Plaintiffs did not oppose the motion to exceed page limit. [Doc. 234].

In the May 6 Order, the Court granted the Unopposed Motion, in part, and denied it, in part. First, the Court granted a total of forty-five (45) pages for briefing Defendants' dispositive motion instead of the requested seventy pages. Second, the Court denied the Unopposed Motion outright as to briefing Defendants' *Daubert* motion. [Doc. 239].

The memorandum filed by Defendants on April 29 in support of their partial summary motion included forty-four (44) pages of content, exclusive of signature blocks and certificate of service. [*See* Doc. 236]. The May 6 Order permits only forty-five pages of total briefing on that motion. Thus, as it now stands, the State Defendants have only one (1) page left for any reply brief.

Defendants respectfully request that the Court reconsider the part of the order concerning the total page limits for briefing their partial summary judgment

motion. Defendants herein submit additional information as to the need for additional pages, and therefore respectfully renew their request that the Court permit a total page limit of seventy pages for briefing their motion for partial summary judgment. In the alternative, Defendants request that the Court grant at least sixty (60) total pages to each side for briefing that motion.[2]

In light of the number and extent of the claims brought by Plaintiffs in their Supplemental Amended Complaint [Doc. 119] and designated Part 2 of this case by the Court, forty-five total pages is insufficient for the Defendants to adequately brief all of the issues and multiple complex constitutional theories that necessarily had to be addressed in Defendants' motion for partial summary judgment and memorandum in support.

Plaintiffs' Supplemental Amended Complaint includes eight different claims for relief and sixty-three pages of substantive content.[3] The asserted claims include a substantive due process challenge to Mississippi's 15-week law; a cumulative burden claim to the challenged laws collectively, also grounded in substantive due process; substantive due process challenges to each of the individual laws; a substantive due process claim for arbitrary deprivation of liberty; an equal protection claim; a First Amendment compelled speech claim brought on

---

[2] At this time, Defendants do not seek reconsideration of that part of the order denying excess pages for briefing their *Daubert* motion. However, Defendants do hereby preserve that issue for potential appeal.

[3] In the Supplemental Amended Complaint, there is no claim designated as "Count VIII." Therefore, Defendants address each claim as actually designated in the Complaint.

3

behalf of Dr. Carr-Ellis; as well as substantive due process and equal protection claims to the fetal heartbeat law. [Doc. 119 at ii, 58-62]. Defendants addressed Counts II, III, IV, V, and VI in their dispositive motion.[4]

Count II actually includes challenges to five different laws, enacted over some three decades, and described by Plaintiffs as "the TRAP Licensing Scheme, the Mandatory Delay and Two trip Requirement," the "Biased Counseling Law," the "Physician Only Law," and the "Telemedicine Ban." [Doc. 119 at 59-60]. In addition, Plaintiffs have raised a novel theory they describe as "Cumulative Burden" that has never been endorsed by either the Supreme Court or the Fifth Circuit. That baseless claim asserts that the Court may add up any purported burden each of the individually challenged laws might impose, and strike down all of the laws en mass. The Plaintiffs include a claim based on rational basis, asserting that Mississippi laws distinguishing abortion clinics from other types of clinics are arbitrary and irrational, a claim based on the Equal Protection Clause, and a First Amendment compelled speech claim asserted on behalf of Dr. Carr-Ellis individually.

---

[4] Neither the 15-Week Law nor the fetal heartbeat law were addressed in Defendants' dispositive motion. However, the fetal heartbeat law is the subject of Plaintiffs' own motion for partial summary judgment. [Doc. 232]. On May 17, 2021, the Supreme Court granted Defendants' petition for certiorari seeking review of the 15-week law that had been pending for eleven months—since June 15, 2020. The Supreme Court's decision resolving the 15-week law appeal is directly relevant to any ruling on Plaintiffs' motion for partial summary judgment. Further, Defendants think that the Supreme Court's decision resolving the 15-week law appeal could also have a significant effect on the issues to be tried in Part 2, and the conduct of that trial.

The claims asserted by Plaintiffs could easily have been the basis of nine or more separate lawsuits, or nine or more separate dispositive motions, each subject to a thirty-five page briefing limit—a total of 315 pages. Even eliminating 150 pages from that amount for the significant duplication that would likely result from filing separate briefs, 165 pages would not have been an unreasonable request for page limits. Defendants requested less than half that, seventy-pages total.

After all, Plaintiffs have submitted a brief of 25+ pages in support of their motion for summary judgment on the fetal heartbeat law, a law they have already briefed and defeated as to the preliminary injunction both in this Court as well as the Fifth Circuit. [Doc. 232]. And, of course, the 15-week law has already been the subject of briefs submitted by the parties in this Court, the Fifth Circuit, and the Supreme Court totaling at least 240 pages.

A lawsuit filed by abortion providers in Indiana raising similar issues, including challenges to multiple state abortion laws, provides an appropriate comparison. The state defendants in that case requested 75 pages for their initial brief and 35 pages for a reply. *See Unopposed Motion for Leave to File Oversized Summary Judgment Memorandum* [Doc. 204], *Whole Woman's Health Alliance, et al. v. Curtis T. Hill, Jr.*, et al., No. 1:18-cv-01904-SEB-MJD, U.S. Dist. Ct., So. Dist. of Indiana (filed Oct. 18, 2019). Because of the potential for cross-motions filed by the plaintiffs, the district court granted leave for defendants to file an original brief of 75 pages and a second brief of 65 pages. Plaintiffs were permitted a 75-page initial brief and a 35-page reply. *See Order* [Doc. 207], *Whole Woman's Health*

*Alliance, et al. v. Curtis T. Hill, Jr.*, et al., No. 1:18-cv-01904-SEB-MJD, U.S. Dist. Ct., So. Dist. of Indiana (Oct. 22, 2019).

In light of the numerous complex issues raised by Plaintiffs' claims, the briefing submitted in support of other dispositive motions in this case, as well as the page limits requested and received in similar cases in other districts, Defendants submit that their request for seventy total pages of briefing was both reasonable and modest by comparison. By way of illustration, Defendants' forty-four page opening brief is broken down into the following sections, which reflect the breadth and complexity of the issues addressed:

    INTRODUCTION
    BACKGROUND
            Prior Proceedings
            The Present Motion
    LEGAL STANDARD
    ARGUMENT
            I.      Defendants are Entitled to Summary Judgment on Plaintiffs'
                    Claims Challenging the Constitutionality of Each of the Laws
                    Individually.
                    A.      Informed Consent Law
                    B.      The Physician-Only Law
                    C.      The Telemedicine Law
                    D.      Mississippi's Abortion-Licensing Regime
            II.     The Challenged Laws Were Not Enacted for the Purpose of
                    Placing a Substantial Obstacle in the Path of Women Seeking
                    Abortions.
            III.    Defendants Are Entitled to Summary Judgment on Plaintiffs'
                    "Cumulative Burden" Claim Because it is Not Based on a Valid
                    Legal Theory.
            IV.     Under a Correct Understanding of the Constitution, the State's
                    Laws Readily Satisfy Constitutional Standards.
            V.      Defendants are Entitled to Summary Judgment on Dr. Carr-
                    Ellis' First Amendment Claim.
            VI.     Defendants are Entitled to Judgment as a Matter of Law on
                    Plaintiffs' Equal Protection Claim.

      VII.    Plaintiffs' Substantive Due Process Claim Fails as a Matter of Law.

CONCLUSION

Respectfully, a limit of forty-five total pages to brief the extensive and complex issues raised by Plaintiffs' complaint[5] and addressed in the State Defendants' 44-page opening brief seems an excessive restriction on the State Defendants' ability to reasonably be heard on their arguments and defenses to Plaintiffs' claims.

Given the circumstances, the State Defendants reasonably need 70 pages total for their original brief and rebuttal brief in support of their dispositive motion. The State Defendants also request that Plaintiffs be granted the same extension of the page limits, 70 pages total, for Plaintiffs' briefs to be filed in response to that motion.

## CONCLUSION

The State Defendants respectfully request that the Court reconsider that part of its May 6 Order limiting the Parties to forty-five (45) pages each for briefing Defendants' motion for partial summary judgment, and instead grant each side a total of seventy (70) pages for briefing that specific motion. In the alternative, the State Defendants request that the Court grant at least sixty (60) total pages to each side for briefing the potentially dispositive motion.

---

[5] In addition to the numerous complex issues raised by Plaintiffs' claims, the Parties completed discovery on March 17, 2021, after conducting some twenty-six depositions and producing in excess of 78,000 pages of documents, which further illustrates the scope of the issues raised in Plaintiffs' Supplemental Amended Complaint and addressed in the State Defendants' opening brief.

Respectfully submitted, this the 2d day of June, 2021.

> THOMAS E. DOBBS, M.D., M.P.H., in his official capacity as State Health Officer of the Mississippi Department of Health, and KENNETH CLEVELAND, M.D., in his official capacity as Executive Director of the Mississippi State Board of Medical Licensure, Defendants
>
> LYNN FITCH,
> Attorney General of Mississippi
>
> /s/ Paul E. Barnes
> PAUL E. BARNES, MSB No. 99107
> WILSON MINOR, MSB No. 102663
> Special Assistant Attorneys General
> Post Office Box 220
> Jackson, Mississippi  39205-0220
> Telephone:  (601) 359-4072
> Facsimile:  (601) 359-2003
> Email:  Paul.Barnes@ago.ms.gov
>             Wilson.Minor@ago.ms.gov

## **CERTIFICATE OF SERVICE**

This is to certify that on this day I, Paul E. Barnes, Special Assistant Attorney General for the State of Mississippi, electronically filed the foregoing document with the Clerk of the Court using the ECF system which sent notice of such filing to all counsel of record.

THIS the 2d day of June, 2021.

*/s Paul E. Barnes*
PAUL E. BARNES