IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JACKSON WOMEN'S HEALTH
ORGANIZATION, on behalf of itself and
its patients; and SACHEEN CARR-
ELLIS, on behalf of herself and her
patients                                                                          PLAINTIFFS

VS.                                           CIVIL ACTION NO. 3:18-cv-171-CWR-FKB

THOMAS E. DOBBS, M.D., M.H.P., in
his official capacity as State Health
Officer of the Mississippi Department of
Health, et al.                                                                    DEFENDANTS

**ORDER**

Before the Court is Plaintiffs' Motion To Compel State Legislators To Comply With Subpoenas *Duces Tecum* And For A Limited Extension Of The Discovery Deadline [207]. A response [222] was filed by the non-parties served[1] with the subject subpoenas, namely, Mississippi Senators Chris McDaniel, Angela Burks Hill, and Joey Fillingame ("the Senators") and Mississippi House of Representatives Clerk Andrew Ketchings (on behalf of the Mississippi House Public Health and Human Services Committee) and Mississippi Senate Secretary Buck Clarke and Senate Clerk Amanda Frusha (on behalf of the Mississippi Senate Public Health and Welfare Committee) ("the Committees"). A response [224] was also filed by Defendants Thomas E. Dobbs, M.D., M.P.H. and Kenneth Cleveland, M.D. ("the State Defendants"). Plaintiffs filed a reply [226]. For the reasons stated below, the Court finds that the motion [207] should be denied.

---

[1] In the memorandum in support of their response, the Senators and Committees state that some of them "were never properly served." [223] at 2 n.1. Plaintiffs represent that counsel for the Senators and Committees "accepted service of the Subpoenas" on their behalf. [226] at 5 n.1. Regardless, the Senators and Committees do not appear to contest service of the subpoenas.

The subpoenas served on the Senators and Committees sought production of documents related to abortion legislation. Specifically, the subpoenas demanded: (1) all documents "considered"[2] by "You" (as defined in the subpoenas to the Senators) and the Committees (as defined in the subpoenas to the Committees) "related to abortion or women's reproductive health;" (2) all documents "relating to the drafting, revising, or passage of"[3] 2013 S.B. 2795, 2019 S.B. 2116, and "any other proposed legislation involving abortion" from the 2013 and 2019 Mississippi Legislative Sessions; (3) all documents "reflecting any Communications" between "You" (as defined therein) and the Committees (as defined therein) and six categories of people and entities listed in the subpoena, "concerning" 2013 S.B. 2795, 2019 S.B. 2116, and "any other proposed legislation involving abortion" from the 2013 and 2019 Mississippi Legislative Sessions;[4] and (4) in the subpoenas to the Committees only, "all documents reflecting comments or assessments by [the Committees] related to [their] review of legislation concerning abortion." [222-1] at 11; [222-2] at 11; [222-3] at 11; [222-4] at 11; [222-5] at 11, 20.

The Senators and the Committees object to the subpoenas on the grounds that they are facially overbroad, impose an undue burden, and seek information that is irrelevant and not proportional to the needs of this case. They also contend that Plaintiff's motion is untimely under L.U.Civ.R. 7(b)(2)(C), the requested documents are protected from disclosure by the legislative privilege, and they should not be required to respond to the subpoenas outside the current

---

[2] The subpoenas to the Senators also included a demand for all documents "relied upon," and the subpoenas to the Committees included a demand for all documents "provided to." [222-1] at 11; [222-2] at 11; [222-3] at 11; [222-4] at 11; [222-5] at 11, 20.

[3] The subpoenas to the Senators contain the language quoted above; the subpoenas to the Committees requested all documents "reflecting the drafting and revision process" for the above-described legislation.

[4] With respect to requests (2) and (3) above, the subpoena to Senator Fillingane did not request documents related to 2013 S.B. 2795.

2

discovery deadline. Because the Court finds that the subpoenas are facially overbroad, would impose an undue burden, and are not proportional to the needs of this case, it is unnecessary to address the Senators' and the Committees' other objections or contentions.

"A court may find that a subpoena presents an undue burden when the subpoena is facially overbroad." *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004). And the Court finds that the subpoenas *duces tecum* at issue are facially overbroad.

Aside from other ways the subpoenas are overbroad, they are clearly overbroad when considering the "Definitions" and "Instructions" contained in them. For example, the subpoenas to the Senators define "You" as the senator named in the subpoena "and any of [the senator's] employees, agents, or representatives." [222-1] at 8; [222-2] at 8; [222-3] at 8. The subpoenas to the Committees define each committee to include "the individual legislators who were members of [the committee] . . . during the Relevant Period, and any Mississippi state employees, clerks, agents or representatives staffed to or tasked with working with [the committee] . . . during the Relevant Period." [222-4] at 8; [222-5] at 8. Further, in the "Instructions" sections, the subpoenas state:

> These requests apply to all documents in your possession, custody, or control, regardless of the location of such documents, and include documents in the possession, custody or control of your employees, agents or representatives, wherever located. Without limiting the term "control" as used in the preceding sentence, a person is deemed to be in control of a document if the person has the right to secure the document or a copy thereof from another person having actual possession thereof.

[222-1] at 9; [222-2] at 9; [222-3] at 9; [222-4] at 9; [222-5] at 9, 18. And the subpoenas define "person" as:

> [A]ny natural person or business, legal, or government entity or association. References to any person or entity shall include that person or entity and

3

>its officers, directors, employees, partners, agents, representatives, corporate parents, predecessors, successors, subsidiaries, and affiliates.

[222-1] at 8; [222-2] at 8; [222-3] at 8; [222-4] at 8; [222-5] at 8, 17.

Based on a plain reading of the subpoenas, they are clearly facially overbroad, and Plaintiffs' motion should be denied on that basis alone. But the Senators and Committees have also submitted evidence showing that compliance with the subpoenas would impose an undue burden on the Senators and Committees.

In support of their response, the Senators and Committees submitted evidence that during the "Relevant Period" defined in the subpoenas, there were a total of 75 legislators on the Committees and that Senators McDaniel and Hill were not members. [222-9] at 2, 4 (affidavit attesting to 23 Senate Committee members); [222-10] at 2, 3 (affidavit attesting to 52 House Committee members). The subpoenas, therefore, demand production of documents from 77 total legislators.

The Senators and Committees also submitted an affidavit from the Chief Information Officer for the Mississippi Legislative Office, who oversees all information technology ("IT") for the Mississippi House and Senate. *See* [222-14]. In the affidavit, he attests that running the necessary search terms for electronically stored information ("ESI") for each of the 77 legislators on their government-issued email accounts would take approximately 237 hours and that searching and compiling all ESI from the government servers for each of the legislators would require approximately another 18 to 25 hours. *Id*. at 3. In response, Plaintiffs submitted an affidavit from the E-Discovery Services Director at the law firm of Plaintiffs' counsel. *See* [226-5]. Based on his affidavit, Plaintiffs contend that the ESI searches of the legislators' government-issued email accounts would only take a matter of minutes. [226] at 10. But the most time-

4

consuming exercise is not the ESI searches themselves, but rather the entire process of reviewing all documents produced by the searches to determine which documents are actually responsive to the subpoena requests, and as for those documents, then determining which documents are protected from disclosure by a privilege or other protection (and preparing a privilege log addressing each such document) and determining whether portions of some documents should be redacted (and if so, making each such redaction on each such document), all of which must be done before production. And the competing affidavits do not address the time necessary for each legislator to search their own personal email accounts or other personal servers and compile responsive documents, or the time necessary to search for and compile all responsive hard-copy documents for each of the legislators. Further, the affidavits do not address the "employees, agents, [and] representatives" from whom documents are requested in the subpoenas. Under the subpoenas, these "employees, agents, [and] representatives," both former and present, must be contacted in order to search for and compile all responsive documents in their "possession, custody, or control," "wherever located." Then, the entire document-production review process must be conducted as to all documents from each of these "employees, agents, [and] representatives," as well as the legislators. And Plaintiffs' subpoenas demand that all of this be done for documents and information going back to 2013 legislation, that is, approximately 9 years ago.

      In their motion, Plaintiffs propose that the Court revise their subpoenas and limit them to the requests for documents related to 2013 S.B. 2795. But Plaintiffs' proposed limitation does not remove the "Definitions" and "Instructions" which, as shown above, are a significant part of why these subpoenas are so facially overbroad. And based on the evidence submitted by the

Senators and Committees, this limitation only reduces the number of committee-member legislators during the "Relevant Period" from 75 to 55, and therefore, the number of total legislators to 57. *See* [222-9] at 4 (showing 23 total members having served on the Senate Committee during 2012 and 2013); [222-10] at 3 (showing 32 total members having served on the House Committee during 2012 and 2013). Plaintiffs' proposal simply does not cure the facially overbroad and unduly burdensome nature of these subpoenas.[5]

For the reasons stated above, Plaintiffs' motion [207] is hereby denied. Having denied Plaintiffs' request to compel compliance with these subpoenas, the Court also hereby denies Plaintiffs' request for a limited extension of the discovery deadline.

SO ORDERED AND ADJUDGED on the 18th day of February, 2022.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE

---

[5] Apparently realizing that the subpoenas are facially overbroad even with the limitation proposed in their motion, Plaintiffs filed a reply brief in which they attempt to change the subpoenas again to something different and more limited. *See* [226] at 10; [226-6]. However, the Court will not consider Plaintiffs' proposed changes submitted in their reply brief. *See Gillaspy v. Dallas Indep. Sch. Dist.*, 278 F.App'x 307, 315 (5th Cir. 2008) ("It is the practice of . . . the district courts to refuse to consider arguments raised for the first time in reply briefs."). Also, the Court notes that Plaintiffs' proposals in their reply are vague, confusing, and still overbroad. For example, in the document requests to the "three Senators," Plaintiffs continue to use the same definition for "You," which is overbroad as shown above. *See* [226-6] at 3 n.2. As for the "two Committees," Plaintiffs state in their reply that they now "seek only hard copy documents and non-email ESI in the possession, custody, or control of the Committees." [226] at 10. However, how Plaintiffs define "possession, custody, or control of the Committees" is vague and confusing. Do they mean an actual hard-copy file maintained by the Committee? If so, the Senators and Committees have already submitted an affidavit attesting that "[t]here is no central depository for hard copies of documents that may be pertinent to legislation under consideration by the . . . Senate committees." [222-9] at 2. And if that is what they meant, why do Plaintiffs also state that "in searching for responsive documents, the Committees need not contact any former legislator who is no longer in office or any former staff member who is no longer employed by the Legislature"? [226-6] at 5. This obviously implies that Plaintiffs expect each present legislator who is still in office and every staff member who is still employed by the Legislature to be contacted for responsive documents. If Plaintiffs are now seeking *only* hard-copy documents and ESI maintained by the Committee, why would every present legislator and staff member be contacted for documents? These are just some of the problems with the changes proposed in their reply, and Plaintiffs' second proposed changes do not cure all of the problems with these subpoenas.